STOLLFUSS, by Guardian *ad litem,* Appellant, vs. REECK, Respondent.

*December 7, 1950—January 9, 1951.*

The cause was submitted for the appellant on the brief of *Lloyd D. Mitchell* of Oshkosh, and for the respondent on the brief of *Robert C. Born* of Ripon.

BROWN, J.  Suit for damages to person and property was begun September 6, 1949.  The defendant counterclaimed for property damage.  Judgment for defendant on both complaint and counterclaim was entered May 27, 1950.  The action arose out of a collision between plaintiff's motorcycle and defendant's automobile.  For reasons which will appear, no detailed statement of facts is necessary.

It is conceded that after the jury had been charged and had retired for deliberation it returned to the courtroom with a request for further instructions, and instructions were given.  The transcript of proceedings contains no report of this whatever and the reporter certifies that the transcript "is a true and accurate transcript of my shorthand notes, and the whole thereof."  It is established, therefore, that whatever

passed between the court, counsel, and jury on this occasion was not taken down by the reporter.

Sec. 270.21, Stats., provides:

*"Charge to jury; how given.* The judge shall charge the jury and all such and subsequent instructions shall, unless a written charge be waived by counsel at the commencement of the trial be reduced to writing before being delivered or the same shall be taken down by the official reporter of the court. Each instruction asked by counsel to be given the jury shall be given without change or refused in full. If any judge shall violate any of the foregoing provisions or make any comments to the jury upon the law or facts without the same being so reduced to writing or taken down, the verdict shall be set aside or the judgment rendered thereon reversed unless at the time of submission to the jury there was no jury issue upon the evidence. The reporter shall take down all that the judge says during the trial to the jury or in their presence of or concerning such cause. . . ."

Ch. 179, Laws of 1915, sec. 2485, imposes on the municipal court of Ripon the general provisions of the statutes applicable to circuit courts. There can be no doubt that the direction of sec. 270.21, Stats., was not followed, that the judge commented to the jury upon the law or facts without his comments being taken down or reduced to writing and, if the comments amounted to a charge, that there was no waiver of a written charge at the beginning of the trial. The violation contemplated by the statute has occurred.

Respondent submits that the colloquy between court, counsel, and jury was actually immaterial and no prejudice resulted, but the statute does not permit us to reconstruct the proceeding from other sources than the reporter's notes transcribed and rest our decision upon such reconstruction. The command of the legislature that the judgment be reversed is explicit.

*By the Court.*—Judgment reversed and cause remanded with directions to grant a new trial.